UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD BATES a/ka TODD A. BATES and
MARCIA BATES a/k/a MARCIA C. BATES

        Plaintiffs

        vs                                No.  2:18-cv-13533

GREEN FARMS CONDOMINIUM             Presiding Judge: Avern Cohn
ASSOCIATION, a Michigan nonprofit
corporation, THE HIGHLANDER GROUP,     Magistrate Judge: Elizabeth A.  Stafford
MMC, INC., and MAKOWER ABBATE
GUERRA WEGNER VOLLMER, PLLC,

        Defendant.

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

PAUL G. VALENTINO (P34239)
Attorney for Plaintiffs
PAUL G. VALENTINO, J.D., P.C.
43494 Woodward Avenue
Suite 203
Bloomfield Hills, Michigan 48302
(248) 334-7787
Fax: (248) 334-7202
paul@lehman-valentino.com

KATHLEEN H.  KLAUS (P67207)
JESSE L.  ROTH (P78814)
Attorneys for Defendant Makower, only
MADDIN HAUSER ROTH & HELLER, PC
28400 Northwestern Highway, Suite 300
Southfield, Michigan 48034
(248) 359-7520
Fax: (248) 359-7560
kklaus@maddinhauser.com
jroth@maddinhauser.com

JOHN L.  WESTON (P55042)
Attorney for Green Farms and Highlander
SECREST WARDLE
2600 Troy Center Drive, P.O. Box 5025
Troy, Michigan 48007
(248) 851-9500
Fax: (248) 538-1223
Jweston@secrestwardle.com

**PLAINTIFFS RESPONSE TO DEFENDANT MAKOWER ABBATE, GUERRA WEGNER VOLLMER, PLLC'S RULE 12© MOTION FOR JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT**

Now come the plaintiffs, TODD BATES a/k/a TODD A. BATES and MARCIA BATES a/k/a MARCIA C. BATES, and for their response to defendant's Rule 12© Motion forJjudgment on the Pleadings and states as follows:

### MOTION TO DISMISS

1.      That in response to paragraph 1 thereof, the complaint herein speaks for itself. In further answer, the plaintiffs complaint raises many issues of misconduct by the defendants in violation of the Fair Debt Collections Practices Act, "FDCPA," including defendant Makower. The defendants and each of them: refused to credit payments, made by your plaintiffs; wrongfully billed plaintiffs, fees,costs and other penalties, without any right to do so. Defendants took the false billing and used it to create a false lien then recorded the lien against plaintiffs real estate and finally they foreclosed on that real estate by advertisement also in violation of the condominium resolution. The defendants and each of them falsely represented the character, amount and legal status of plaintiffs condominium association dues. When plaintiffs demanded an explanation, the defendants billed your plaintiff for reviewing the bill and responding to your Plaintiffs demand for an explanation in further violation of the FDCPA. The defendants held plaintiffs cashiers checks, refused to credit those checks, and used those amounts to claim non-payment. The defendants then created charges, overstating amounts owed and wrongly added charges, the natural consequence of which was to harass, oppress and/or abuse plaintiffs all in violation of the FDCPA. The defendant, Makower, was involved in all aspects of the above stated misconduct. (See the complaint, paragraphs 11 and 12.)

2.      That in response to paragraph 2 thereof, plaintiffs deny each and every allegation therein contained for the reason same are factually untrue and legally erroneous. The defendant

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

2

Makower acted well before the improper foreclosure by advertisement. The defendant Makower sent collection letters and demand all attempting to collect debts as set forth above. The defendant Makower stated in bold print in each of it's letters to plaintiffs that it was a debt collector attempting to collect a debt. Defendant Makower is attempting to minimize its conduct and activity claiming that it was merely attempting to enforce a security interest in an attempt to come within the purview of the *Obduskey v McCarthy & Holthus, LLP*, 586 US -- (2019), attached as exhibit 1 to defendant's motion. The defendant Makower has admitted that its business is debt collection and included a statement to that affect in all letters, in bold print, sent to plaintiffs and their counsel to wit: "**this firm is a debt collector attempting to collect a debt**. . .". See attached exhibit A.

3. That in response to paragraph 3 thereof, the same is admitted.

WHEREFORE, your plaintiffs pray this honorable Court enter its order denying defendant, Makower's Motion to Enter Judgment on the Pleadings together with such other and further relief as is deemed just and equitable under the facts and circumstances.

Respectfully Submitted,

PAUL G. VALENTINO, J.D., P.C.

/s/Paul G. Valentino
Paul G. Valentino (P34239)
Attorney for Plaintiffs
43494 Woodward Avenue
Suite 203
Bloomfield Hills, Michigan 48302
(248) 334-7787

Dated: April 19, 2019

### PLAINTIFFS BRIEF IN SUPPORT RESPONSE TO DEFENDANT MAKOWER ABBATE, GUERRA WEGNER VOLLMER, PLLC'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

### Issues Presented

Does Makower's conduct as a debt collector within the meaning of 15 USC §1692(a)(6) subject it to the FDCPA?

### Legal Standard

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(C) may only be granted where no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. When considering such a motion the court is required to accept all allegations of fact in the complaint as true. *Paskvan v Cleveland Civil Service Commission*, 946 F2d 1233 (6th Cir. 1991).

The motion should be denied for the reason that the plaintiffs have set forth the factual grounds for which they are entitled to relief under the provision of the FDCPA. Specifically plaintiffs have alleged that defendant Makower is a debt collector within the meaning of the FDCPA, (complaint paragraph 9). The defendant Makower asserted that it was acting as a debt collector thought all of it's dealings with the plaintiffs and cannot now ignore that admission. The defendant Makower's involvement started well before any security interest was created. Defendant Makowver's conduct in conjunction with the other defendants caused the security interest to wrongfully be created. The defendant refused to accept or credit plaintiffs February payments that would have brought your plaintiffs current. They sent the payments back. Defendant Makower claimed that it could not accept partial payments. When the payments were returned to defendant Makower it held the payments, refused to credit them for over a month and then liened plaintiffs real property all while in possession of your plaintiffs, (complaint, paragraph 5). It was these very acts by defendant Makower that were used to create the lie that was subsequently foreclosed. All of the conduct of defendant Makower was as a debt collector. Defendant Makower violated the

4

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7387
FAX (248) 334-7202

FDCPA when it acted as outlined above to harass, oppress and abuse plaintiffs who it had sued previously over your plaintiffs refusal to pay dues because of the damage to their condo caused by the association, (Complaint, paragraphs 11 and 12, letters to plaintiffs by Makower exhibit A). Defendant Makower's (an admitted debt collector) conduct predates the existence of any security interest and each act was in violation of the FDCPA entitling plaintiff to actual damages, costs and attorney fees pursuant to 15 USC §1692 et seq. together with state law claims.

### Makower Is a Debt Collector

The issues in plaintiffs case do not simply involve a non judicial mortgage foreclosure action. They involve various practices by all of the defendants with respect to how they treated plaintiffs relative to debt collection. Plaintiffs attempted to pay their condominium dues. The defendants, including defendant Makower, mishandled those payments. Defendant Makower rejected payments made by plaintiff in February of 2018, then charged late fees, attorney fees and administrative fees all without justification. The defendant Makower represented itself as a debt collector attempting to collect a debt. (Exhibit A). Defendant Makower charged attorney fees in responding to plaintiff's complaint about their refusal to accept dues in February as well as the added charges in violation of the FDCRA. The defendant Makower created a lien and then foreclosed on that lien by advertisement all in violation of the resolution and the FDCPA.

### Factual Allegations Supporting Makower's Activities as a Debt Collector

Defendant Makower would have this court believe it acted in a limited capacity only as an agent seeking a non judicial foreclosure. Nothing could be further from the truth. Prior to any foreclosure action, Makower was acting as counsel for Green Farms Condominium Association . They pursued litigation against your plaintiffs which was only concluded in December of 2017 with the condominium association having to effectuate repairs to plaintiffs condominium in

exchange for payment by plaintiffs of condominium dues they were withholding in order to force the condominium association to effectuate those repairs.

Immediately following the resolution of that litigation on December 4, 2017, plaintiffs received e-mail from defendant Makower confirming the association was paid in full. (See Exhibit B.) Plaintiffs were under the belief that the condominium association dues for December were in fact included in the settlement. On January 5, 2018 your plaintiff, Todd Bates, hand carried certified funds to the association offices for payment of the January dues which were accepted. (See Exhibit C.) No one at defendant association told your plaintiff Todd Bates he had not paid December dues. No letter or notice was sent to Plaintiffs by the 25th of December as required by the Association Resolution. (See Exhibit D). In late February, 2018, defendant, Makower, sent a letter claiming that the December dues were not paid and assessed a $75.00 late fee for December. The letter also advised that February was late and assessed the same late fee. (See Exhibit E.) Your plaintiffs objected to the December claim. Even though your plaintiffs objected to the December claim of non-payment, on February 22, 2018 your plaintiff, Todd Bates, hand delivered a certified check in the amount of $931.56 to the defendant association which equaled two months of condominium dues payments, one for the alleged December dues of 2017 and one for the February dues of 2018, and the penalties (the January check was hand delivered on January 5, 2018 and cashed). The monthly dues were each in the amount of $390.78, and two late fees, were $75.00 each which total $931.56. As of February 22, 2018 plaintiffs were paid in full including late fees. But defendant Makover refused the payment and started charging fees and other costs the defendants started making up. It should be noted that until January 22, 2018 plaintiff was never notified of any deficiency for December another violation of the resolution which required notice be sent by the 25th day of the month delinquency occurs. (See Exhibit D,

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

paragraph 3.)  Then on March 9, 2018 the March installment of $390.78 was paid by certified funds hand delivered again to the defendant condominium association.  That check was not credited until March 30, 2018  and was not cashed until  May 3, 2018.

The check for $931.50 was taken by the defendant Makower and returned to plaintiffs. Plaintiff brought the check back to the defendant association.  Defendant Makower by letter dated March 21, 2018 sent the check to plaintiff's counsel and indicated that they would not accept a partial payment.  (See Exhibit A.)  On May 1, 2018 defendant Makower sent the undersigned a letter demanding payment of the December assessment, attorney fees in the amount of $346.75 claiming to waive late fees in the amount of $400.00.  (See Exhibit A.)  All of this conduct by defendant Makower had nothing to do with any foreclosure as no lien even existed at that time.

The resolution adopted by the board in June of 2017 on delinquent assessment procedures which defendant Makower claims it was following, provides in paragraph 2 that any delinquency will result in a late charge of $75.00.  Further a payment is late if it is made after the 10th of the month.  According to the delinquent assessment collection procedure a notice was required to be sent by the 25th day of the delinquent months.  No such notice was sent in December of 2017 or even January of 2018.

If the payment is not made by the 10th of the second month, then the board of directors is required to turn over the matter to the association's attorney for handling and an "intent to lien" will be sent to the delinquent owners advising of the failure to pay the delinquencies.  No such notice was ever sent.  (See Exhibit D, Paragraph 4b.)  Pursuant to paragraph 6 of those Resolution, in the event payment is not made by the 10th day of the 4th month, the association was permitted to "**institute a lawsuit for the foreclosure of the lien and/or money damages for unpaid assessments and/or any other claims that the association, through its legal counsel, may deem**

**appropriate."** The defendant, Makower, took it upon themselves to foreclose by advertisement in violation of paragraph 6 of the delinquent assessment collection procedure. (See exhibit D.) Defendant Makower failed to: serve a notice of delinquency within the first month; serve notice of intent to lien within the second month; filed suit to foreclose upon the lien.

That defendant, Makower, was intimately involved in the debt collection process throughout the handling of this matter and was involved in the prior litigation between plaintiffs and defendants Green Farms Condominium Association and the Highlander Group. That prior litigation was not an action to enforce a security interest.

## ARGUMENT

Defendant, Makower, Is a Debt Collector and Is Not Engaged in a Business the Principal Purpose of Which Is to Enforce Security Interests, Therefore Defendant Makower Is Subject to the FDCPA

Defendant Makower on all correspondence issued concerning this matter clearly admitted it was a debt collector when it included the following:

"This firm is a debt collector attempting to collect a debt and any information obtained will be used for that purpose."

This statement alone is an admission by defendant, Makower, that it is not in a business whose principal purpose is the enforcement of security interests. Defendant Makower would have this court believe that it only became involved with plaintiffs when it was requested to foreclose a lien encumbering plaintiffs condominium for alleged unpaid condominium assessments. In fact, defendant, Makower, sent the bills, made demands for payment, rejected payments made, billed plaintiffs for things such as revieing and responding to your plaintiffs demands for explanations. (See Exhibit B.) These charges made by the defendant, Makower, formed all of the alleged charges defendant Makower later liened plaintiffs condo with and then foreclosed on by advertisement. Those acts had absolutely nothing to do with a non judicial foreclosure.

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

Defendant Makower took the certified check plaintiff delivered to defendant Green Farms Condominium Association on February 22, 2018 in the amount of $930.78, refused the payment and returned it to your plaintiffs.   Your plaintiffs delivered the check to the Defendants again. Ultimately in March Defendant Makower sent that check to plaintiffs' counsel under a cover letter indicating that defendants would not accept partial payments.  Plaintiff's counsel sent the check back on March 26, 2017 under cover letter indicating that Defendants had an obligation to accept the payment.   Defendant Makower's position was contrary to the resolution on delinquencies attached as exhibit D, and violated the FDCPA.  When plaintiffs paid the payment of $930.78 on February 22, 2018 all dues and late fees would have been paid in full.  That payment covered the December payment, the February payment and late charges of $75.00 for the month of December and the month of February.  The defendant Makower refused the payment and then held the payment until May 3, 2018  after it was resent twice.  Defendant Makower did not even show it as a credit until March 30, 2018, over a month after plaintiff had hand delivered the check to defendant, Green Farms Condominium.   In the interim, defendant Makower charged attorney fees in March, late fees in January, February and March, running the bill which should have been zero as of February 22, 2018 up to over $2,414.54.  Defendant Makower billed plaintiffs for the time it took to answer plaintiffs demand for explanation in violation of he FDCPA. Defendant Makower was actively involved  in all  the wrongful conduct by these defendants in creating this unjustified debt which was  not supported by fact or law, was contrary to the resolution, and was contrary to the FDCPA as plead by plaintiffs.  The *Obduskey* decision recently issued by the United States Supreme Court on March 20, 2019 is factually distinguishable.  In *Obduskey* the defendant was determined not to be a debt collector but merely in the business of enforcing security interests. The court found factually that the only conduct or activity involved in by the McCarthy firm in the

9

*Obduskey* matter was in furtherance of a non judicial foreclosure by advertisement of a security interest. The facts in this case demonstrate that defendant Makower was intimately involved in all aspects of debt collection and held itself out to plaintiffs as a debt collector attempting to collect a debt.

In *Obduskey* the Supreme Court noted that an entity whose principal business is enforcing security interests is still subject to the FDCPA under section 1692(f)(6)(a) where the court noted:

> . . . "Threatening" to foreclose on a consumers home without having a legal entitlement to do so is the kind of "non judicial action" without "present right to possession" prohibited by that section. Section 1692(f)(6)(a). (We need not, however, here, decide precisely what conduct runs afoul of section 1692(f)(6).) At page 6.

Plaintiffs would submit to this court that the defendant Makower in this cause of action, in addition to its many violations of the FDPCA, foreclosed on plaintiffs condo by advertisement without any present right to possession. This is prohibited by Section 1692(F)(6) and in direct violation of the express language contained in the Resolution on Delinquent Assessment Collection Procedures. Paragraph 6 states in pertinent part:

> . . . The association may institute a lawsuit for foreclosure of the lien and/or money damages for unpaid assessments and/or any other claims that the association, through its legal counsel, may deem appropriate.

In paragraphs 10 and 11 of plaintiffs complaint, plaintiffs have alleged that all of the defendants violated this provision when they conducted a foreclosure by advertisement in violation of the Resolution on Delinquent Assessment Collection Procedures, Exhibit D. Plaintiffs will seek to amend the complaint to include violation of Section 1692(F)(6) as a violation of the FDCPA against all defendants.

## CONCLUSION

Defendant, Makower, acted at all times herein as s debt collector attempting to collect a

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

debt.  In all of its correspondence defendant Makower asserted that it was in fact acting as a debt collector attempting to collect a debt.  Makower made decisions to refuse plaintiffs payments in February of 2018 which would have brought plaintiffs current.  Defendant, Makower, then added excessive charges that were not even identified in the Resolution on Delinquent Assessment Collection Procedures as being permitted. After it had created a fictitious debt, defendant Makower liened plaintiff's condo and then foreclosed on that lien by advertisement.  Defendant Makower refused plaintiffs payments.  Defendant Makower refused to identify upon what basis  it could do so.  When plaintiffs in February of 2018 demanded an explanation of the defendant's claim that plaintiffs were delinquent, the defendant, contrary to the FDCPA, did not cease collection efforts and attempt to address plaintiffs' demands but instead defendant Makower charged fees to look into plaintiffs' demand and continued to demand payment in full of whatever charges the defendant so desired.  The defendant refused to accept plaintiffs lawful payments that in February of 2018 would have brought plaintiffs current.  For all of these reasons, the case relied on by the defendant and decided by the US Supreme Court on March 20, 2019 is factually distinguishable from the case at bar, its legal principals have no application to the issues in the case at bar, this motion should properly be denied.

Respectfully Submitted,

PAUL G.  VALENTINO, J.D., P.C.

/s/Paul G.  Valentino
Paul G.  Valentino (P34239)
Attorney for Plaintiffs
43494 Woodward Avenue
Suite 203
Bloomfield Hills, Michigan 48302
(248) 334-7787

Dated:   April 19, 2019

## **PROOF OF SERVICE**

I hereby certify that I electronically filed the foregoing paper with the Clerk of he Court using the ECF system which will send notification of such filing to the following:

John L.  Weston, Esq., 2600 Troy Center Drive, P.O. Box 5025, Troy, Michigan, 48007
Jesse L. Roth, Esq., 28400 Northwestern Highway, Suite 300, Southfield, Michigan, 48034

and I hereby certify that I have mailed by United States Postal Service the paper to the following non ECF participants:

NOT APPLICABLE

/s/ Paul G.  Valentino
Paul G. Valentino

PAUL G. VALENTINO
Attorney At Law
43494 Woodward Avenue, Suite 203
Bloomfield Hills, Michigan 48302
Telephone (248) 334-7787
FAX (248) 334-7202

12

# EXHIBIT A

MAY 4 2018

# MAKOWER ABBATE GUERRA
PLLC
## WEGNER VOLLMER
ATTORNEYS & COUNSELORS AT LAW

30140 ORCHARD LAKE ROAD
FARMINGTON HILLS, MI 48334
248 254 7600 FAX: 248 671 0100
MAGLAWPLLC.COM

BENJAMIN J. HENRY
ATTORNEY AND COUNSELOR AT LAW
BHENRY@MAGLAWPLLC.COM
248 671 0137

May 1, 2018

Via Email and Certified Mail

Paul G. Valentino
43494 Woodward Ave, Suite 203
Bloomfield Hills, MI 48302

Re:     Green Farms Condominium Association; Todd and Marcia Bates; Subject to MRE 408

Mr. Valentino:

As you are aware, this firm represents the Green Farms Condominium Association.  I write to address your March 16, 2018 letter regarding the Bates' account.  I have received no additional communication from you since that letter with regard to the unpaid December 2017 assessment. I will therefore assume that there is no dispute as to that amount being owned.  Additionally, my phone call to you has gone unreturned for some weeks now.

Despite your protestations, all fees assessed against the Bates' account are reasonable and authorized by the Condominium Bylaws and Rules and Regulations, as was explained in my March 21, 2018 letter and will not be repeated herein.  It is the policy of this office to deny partial payment once an account is placed for collection and you have cited no authority that requires acceptance of a partial payment.  That a partial payment would not be accepted without an approved payment arrangement was explicitly stated in my March 21, 2018 letter.  The December 20, 2017 notice of delinquency was mailed out via First Class Mail and Certified Mail.  The Certified Mailing is evidence that the Association followed its Delinquent Assessment Collection Procedure, which requires that the notice be sent to co-owners, not that the notice be received.  That the Bates chose not to claim the certified mailing does not change the fact that the Procedure was follow.  The First Class Mailing was not returned to the Association and is undoubtedly the reason that the Bates made a payment on January 5, 2018.

However, even in light of the lack of a valid dispute to the amounts assessed against the Bates' account, the Association is willing to make a onetime offer to settle this matter.  The Association is willing to resolve this matter on the following term:

1.  The December 2018 assessment of $390.78 must be paid;

2.  All late fees will be waived ($525.00);

3.  The Delinquency Process fee ($250.00) will be waived;

46894-117

MAKOWER ABBATE GUERRA
WEGNER VOLLMER
FARMINGTON HILLS, MI          ST. CLAIR SHORES, MI

Page 2
May 1, 2018
Paul G. Valentino

4. The Bates must pay half of the legal fees ($346.75) the Association has incurred in this dispute;

5. The May 2018 assessment ($390.78) must be timely paid.

If the Association receives certified funds in the amount of $1,128.31 on or before **May 10, 2018**, it will consider this offer accepted and will discharge its current lien.  This is a limited time offer and if these funds are not received at my office by **May 10, 2018**, the Association will consider this offer to be rejected.

In addition to this being the only offer the Association is willing to provide the Bates on the current dispute, the Association will be waiving no fines or fees for the Bates in the future.  The Association will continue to strictly apply its collection policy.  If the Bates do not make their monthly payments by the 10th of the month, a late fee will apply and will not be waived.  Collections fines and fees will be strictly enforced and no future settlements will be offered in the event the Bates' account once again becomes delinquent.  In order to avoid the Bates making future claims of ignorance of the Bylaws and Delinquent Assessment Collection Procedure, I have included copies of these documents with this letter.

The goal of the Association in this matter is simple: to have the Bates make timely assessment payments like the majority of other co-owners in the community.   I look forward to receiving payment from the Bates in order to resolve this matter and to their future adherence to the rules and regulations of the Condominium.

**This firm is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

Very truly yours,
MAKOWER ABBATE GUERRA
WEGNER VOLLMER PLLC

Benjamin J. Henry

Cc: Green Farms Condominium Association

MAKOWER ABBATE GUERRA
WEGNER VOLLMER

FARMINGTON HILLS, MI                    ST. CLAIR SHORES, MI

# EXHIBIT B

**Sent:** Monday, December 4, 2017 10:59 AM
**To:** Paul Valentino <paul@valentinolawpc.com>; Barb Polowski <barb@valentinolawpc.com>
**Subject:** Green Farms re Bates

Good morning, Paul:

I'm checking in again to see what needs to be done to get this matter fully resolved and closed out. If two spots of trim along the garage edge are truly all that's left to be done I would like to make that happen, but I need to have the check in my hand. If we both have to stand there and watch Bencsik complete the task that's fine, but if we can't just arrange it ourselves I have no choice but to ask the court to order it.

Please let me know today so I can update the Board and Bencsik.

Thank you,

John F. Calvin
MAKOWER ABBATE GUERRA WEGNER VOLLMER PLLC
30140 Orchard Lake Road
Farmington Hills, MI 48334
Phone: 248.254.7600
Direct: 248.254.7599
Fax: 248.671.0100
www.maglawpllc.com

1

8/8/2018                                                    Print Statement of Account

# Statement Of Account Summary
## Date of Notice:  August 8, 2018

Mr. Todd Bates                                Green Farms Condominium Association (the "Association")
7402 Azalea Court                             c/o The Highlander Group
West Bloomfield, Michigan 48322               3080 Orchard Lake Road, Ste. J
                                              Keego Harbor, Michigan 48320

Mrs. Marcia Bates
7402 Azalea Court                             Client-Matter No.: 46894-117-11296
West Bloomfield, Michigan 48322               Account #: 25176

Unit: 25
Green Farms Condominium
Oakland County, Michigan

| AMOUNT DUE NOW | |
|---|---|
| Assessments Through: | August 8, 2018 | $27,158.85 |
| Admin Costs | $250.00 |
| Attorney Fees | $2,499.50 |
| Late Fees | $600.00 |
| Non-Court Cost | $343.50 |
| Less Payments Received | ($26,918.07) |
| TOTAL DUE NOW: | $3,933.78 |

| Date | Description | Admin Costs | Assessments | Attorney Fees | Late Fees | Non-Court Cost | Payments | Row Total | Cumulative Total | Invoice Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/13/17 | Settlement Amount | | 21,805.51 | | | | | $21,805.51 | $21,805.51 | n/a |
| 7/1/17 | Assessments - July 2017 | | 390.78 | | | | | $390.78 | $22,196.29 | n/a |
| 7/6/17 | 2011744447 | | | | | | -5,000.00 | ($5,000.00) | $17,196.29 | n/a |
| 7/11/17 | 2011744467 | | | | | | -390.78 | ($390.78) | $16,805.51 | n/a |
| 8/1/17 | Assessments - August 2017 | | 390.78 | | | | | $390.78 | $17,196.29 | n/a |
| 8/21/17 | 2011871140 | | | | | | -390.78 | ($390.78) | $16,805.51 | n/a |
| 9/1/17 | Assessments - September 2017 | | 390.78 | | | | | $390.78 | $17,196.29 | n/a |
| 9/6/17 | 2011835736 | | | | | | -398.20 | ($398.20) | $16,798.09 | n/a |
| 10/1/17 | Assessments - October 2017 | | 390.78 | | | | | $390.78 | $17,188.87 | n/a |
| 10/9/17 | 2011967878 | | | | | | -390.78 | ($390.78) | $16,798.09 | n/a |
| 11/1/17 | Assessments - November 2017 | | 390.78 | | | | | $390.78 | $17,188.87 | n/a |
| 11/28/17 | 2012066726 | | | | | | -390.78 | ($390.78) | $16,798.09 | n/a |
| 12/1/17 | Assessments - December 2017 | | 390.78 | | | | | $390.78 | $17,188.87 | n/a |
| 12/1/17 | 2012109703 | | | | | | -16,680.51 | ($16,680.51) | $508.36 | n/a |
| 12/1/17 | Write off remaining Settlement Balance | | -117.58 | | | | | ($117.58) | $390.78 | n/a |
| 12/10/17 | Late Fees - December 2017 | | | | 75.00 | | | $75.00 | $465.78 | n/a |
| 1/1/18 | Assessments - January 2018 | | 390.78 | | | | | $390.78 | $856.56 | n/a |
| 1/5/18 | 2012186451 | | | | | | -390.78 | ($390.78) | $465.78 | n/a |
| 1/10/18 | Late Fees - January 2018 | | | | 75.00 | | | $75.00 | $540.78 | n/a |
| 1/12/18 | Administration Costs (Delinquency Process Fee) - January 2018 | 250.00 | | | | | | $250.00 | $790.78 | n/a |
| 1/18/18 | County Records Search to Confirm Ownership of Property | | | 25.00 | | | | $25.00 | $815.78 | Unpaid |
| 1/18/18 | Delinquency Letter | | | 68.50 | | | | $68.50 | $884.28 | Unpaid |
| 2/1/18 | Assessments - February 2018 | | 390.78 | | | | | $390.78 | $1,275.06 | n/a |
| 2/10/18 | Late Fees February 2018 | | | | 75.00 | | | $75.00 | $1,350.06 | n/a |
| 2/26/18 | Draft Return Check Letter | | | 50.00 | | | | $50.00 | $1,400.06 | Unpaid |
| 3/1/18 | Assessments - March 2018 | | 390.78 | | | | | $390.78 | $1,790.84 | n/a |
| 3/10/18 | Late Fees March 2018 | | | | 75.00 | | | $75.00 | $1,865.84 | n/a |
| 3/12/18 | Review Bates dispute letter and account. Instruct account rep on discrepancy. | | | 75.00 | | | | $75.00 | $1,940.84 | Unpaid |
| 3/14/18 | Analyze Bates Dispute letter in light of prior | | | 225.00 | | | | $225.00 | $2,165.84 | Unpaid |

8/8/2018                                                Print Statement of Account

| Date | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | lawsuit and settlement payments made. E-mail to management regarding same. | | | | | | | | |
| 3/19/18 | Begin drafting response letter to Bates' dispute. | | 150.00 | | | | $150.00 | $2,315.84 | Unpaid |
| 3/20/18 | Continue drafting response letter to Bates attorney. | | 100.00 | | | | $100.00 | $2,415.84 | Unpaid |
| 3/30/18 | CC 2012274731 | | | | | -931.56 | ($931.56) | $1,484.28 | n/a |
| 3/30/18 | CC 2012274793 | | | | | -390.78 | ($390.78) | $1,093.50 | n/a |
| 4/1/18 | Assessments - April 2018 | 390.78 | | | | | $390.78 | $1,484.28 | n/a |
| 4/3/18 | MGT 138309 | | | | | -390.78 | ($390.78) | $1,093.50 | n/a |
| 4/10/18 | Late Fees April 2018 | | | 75.00 | | | $75.00 | $1,168.50 | n/a |
| 4/10/18 | Analysis of Bates letter regarding delinquent fees. Email to management regarding same. | | 75.00 | | | | $75.00 | $1,243.50 | Unpaid |
| 4/12/18 | Phone call with Board regarding resolving current assessment dispute | | 125.00 | | | | $125.00 | $1,368.50 | Unpaid |
| 4/30/18 | Draft Settlement offer to Bates attorney. Email same to management for approval | | 300.00 | | | | $300.00 | $1,668.50 | Unpaid |
| 5/1/18 | Assessments - May 2018 | 390.78 | | | | | $390.78 | $2,059.28 | n/a |
| 5/10/18 | Late Fees May 2018 | | | 75.00 | | | $75.00 | $2,134.28 | n/a |
| 5/10/18 | Respond to management email about receipt of partial payment. Advise management on options for legal action | | 100.00 | | | | $100.00 | $2,234.28 | Unpaid |
| 6/1/18 | Assessments - June 2018 | 390.78 | | | | | $390.78 | $2,625.06 | n/a |
| 6/5/18 | MGT 2012423197 | | | | | -390.78 | ($390.78) | $2,234.28 | n/a |
| 6/10/18 | Late Fees June 2018 | | | 75.00 | | | $75.00 | $2,309.28 | n/a |
| 6/14/18 | MGT 2012550007 | | | | | -390.78 | ($390.78) | $1,918.50 | n/a |
| 6/15/18 | Preparation of Lien Documents | | 341.00 | | | | $341.00 | $2,259.50 | Unpaid |
| 7/1/18 | Assessments - July 2018 | 390.78 | | | | | $390.78 | $2,650.28 | n/a |
| 7/10/18 | Late Fees July 2018 | | | 75.00 | | | $75.00 | $2,725.28 | n/a |
| 7/11/18 | Title Work | | 190.00 | | | | $190.00 | $2,915.28 | Unpaid |
| 7/11/18 | MGT 2012593107 | | | | | -390.78 | ($390.78) | $2,524.50 | n/a |
| 7/19/18 | Draft Partial Payment Letter | | 50.00 | | | | $50.00 | $2,574.50 | Unpaid |
| 7/19/18 | Preparation of Foreclosure Notice | | 300.00 | | | | $300.00 | $2,874.50 | Unpaid |
| 7/20/18 | Publication Posting Costs | | | | 75.00 | | $75.00 | $2,949.50 | Unpaid |
| 7/20/18 | Publication Cost - 1st week | | | | 120.00 | | $120.00 | $3,069.50 | Unpaid |
| 7/27/18 | Publication Cost - 2nd week | | | | 49.50 | | $49.50 | $3,119.00 | Unpaid |
| 7/30/18 | Lienholder Notice (3 @ $50 each) | | 150.00 | | | | $150.00 | $3,269.00 | Unpaid |
| 7/30/18 | Right to Sue Letter | | 50.00 | | | | $50.00 | $3,319.00 | Unpaid |
| 8/1/18 | Assessments - August 2018 | 390.78 | | | | | $390.78 | $3,709.78 | n/a |
| 8/3/18 | Publication Cost - 3rd week | | | | 49.50 | | $49.50 | $3,759.28 | Unpaid |
| 8/8/18 | Publication Cost - 4th week | | | | 49.50 | | $49.50 | $3,808.78 | Unpaid |
| 8/8/18 | Payoff Letter & Account Breakdown | | 125.00 | | | | $125.00 | $3,933.78 | Unpaid |
| **TOTAL** | | $250.00 | $27,158.85 | $2,499.50 | $600.00 | $343.50 | ($26,918.07) | $3,933.78 | $3,933.78 |

EXHIBIT C

**RECEIPT** DATE 1·5·19   No. 243306

RECEIVED FROM 7402 Azalea   $ 350.78

Todd Bates   DOLLARS

FOR RENT

FOR

ACCOUNT

PAYMENT 350.78

BAL DUE

CASH
CHECK
MONEY ORDER
CREDIT CARD

FROM   TO

BY R Martin

**RECEIPT** DATE _9-24-18_ No. _787403_

RECEIVED FROM _Bill Bates_ $ _931.57_

_9483 Hamler_ _____ DOLLARS

☐ FOR RENT
☐ FOR

| ACCOUNT | | ☐ CASH |
|---|---|---|
| | | ☐ CHECK |
| PAYMENT _931.74_ | FROM | TO |
| | | ☐ MONEY ORDER |
| BAL. DUE | | ☐ CREDIT CARD |

BY _R. Martin_

| Year | Month | Check # | Check Type | Amount | Date of Check | Date Presented | Date Credited | Days Held | Date Paid | Days Until Paid |
|---|---|---|---|---|---|---|---|---|---|---|
| 2017 | July | 2011744447 | CC | $5,000.00 | 07/05/17 | 07/05/17 | 07/06/17 | 1 | 07/25/17 | 20 |
| 2017 | July | 2011744467 | CC | $390.78 | 07/05/17 | 07/05/17 | 07/11/17 | 6 | 07/25/17 | 20 |
| 2017 | August | 2011871140 | CC | $390.78 | 08/18/17 | 08/18/17 | 08/21/17 | 3 | 08/28/17 | 10 |
| 2017 | September | 2011835736 | CC | $390.20 | 09/06/17 | 09/06/17 | 09/06/17 | 0 | 09/18/17 | 12 |
| 2017 | October | 2011967878 | CC | $390.78 | 10/09/17 | 10/09/17 | 10/09/17 | 0 | 10/16/17 | 7 |
| 2017 | November | 2012066726 | CC | $390.78 | 11/08/17 | 11/08/17 | 11/28/17 | 20 | 11/30/17 | 22 |
| 2017 | December | 2012109703 | CC | $16,680.51 | 11/20/17 | 11/28/17 | 12/01/17 | 3 | 12/07/17 | 9 |
| 2018 | January | 2012186451 | CC | $390.78 | 01/05/18 | 01/05/18 | 01/05/18 | 0 | 01/09/18 | 4 |
| 2018 | February | 2012274731 | CC | $931.56 | 02/22/18 | 02/22/18 | 03/30/18 | 36 | 05/03/18 | 70 |
| 2018 | March | 2012274793 | CC | $390.78 | 03/09/18 | 03/09/18 | 03/30/18 | 21 | 05/03/18 | 55 |
| 2018 | April | 138309 | ACH | $390.78 | 04/01/18 | 04/02/18 | 04/03/18 | 1 | 04/03/18 | 1 |
| 2018 | May | 2012423197 | CC | $390.78 | 05/10/18 | 05/10/18 | 06/05/18 | 26 | 06/06/18 | 27 |
| 2018 | June | 2012550007 | CC | $390.78 | 06/11/18 | 06/11/18 | 06/14/18 | 3 | 06/18/18 | 7 |
| 2018 | July | 2012593107 | CC | $390.78 | 07/10/18 | 07/10/18 | 07/11/18 | 1 | 07/27/18 | 17 |

# EXHIBIT D

## RESOLUTION ON DELINQUENT ASSESSMENT COLLECTION PROCEDURE

Policy Resolution 001-2017 of Green Farms Condominium Association located in West Bloomfield, Michigan. A resolution pertaining to the procedure for the collection of delinquent assessments.

**WHEREAS;** THE Condominium Association, through its duly elected Board of Directors, has a responsibility for collection of co-owner assessments.

**WHEREAS;** the following collection procedure is established by the Board of Directors.

1. The assessment for each unit is an annual charge, and is deemed payable in twelve monthly installments. These installments are **due on the first** of each month, and are considered delinquent and in default on the **10th** of the month.
2. Delinquent assessments will cause a late charge in the amount of $75.00, or any other such amounts as may be determined by the Board of Directors, to be automatically levied for each month the delinquent assessment is not fully paid.
3. **FIRST MONTH:** Notice of the delinquency, the late charge levied, and any other costs charged to the co-owner's account shall be sent to the co-owner by the Association, or its designated agent by the 25th day of the month the delinquency occurs.
4. **SECOND MONTH:** If full payment of the delinquent assessment(s), late charges(s) and any costs is not received by the 10th of the second month, unless other satisfactory arrangements have been made with the Board of Directors; and/or its designated agent, the following steps will be taken:
   a. The Board of Director may elect to take the following action: All unpaid installments of the annual and additional assessments for the pertinent fiscal year could be immediately deemed due and payable and all unpaid installments and/or portion of any special assessment levied against the unit could be immediately due and payable.
   b. The matter will be turned over to the Association's attorney for handling, an "Intent to Lien" will be sent to the delinquent co-owner advising that failure to pay the delinquency in full will result in the Association filing a lien against the unit property.
5. **THIRD MONTH:** If full payment of the delinquent assessment(s), late charge(s) and any costs is not received by the 10th of the third month, unless other satisfactory arrangements have been made with the Board of Directors, and/or its designated agent, the following steps will be taken:
   a. The matter will already be at the Association's attorney for handling, a lien will be filed and notice of same will be sent to the delinquent co-owner and the unit mortgage lender will be notified of the delinquency, if applicable.
6. **FOURTH MONTH:** If the delinquency or any part thereof continues past the 10th day of the fourth month, the Association may institute a lawsuit for the foreclosure of the lien and/or money damages for unpaid assessments and/or any other claims that the Association, through its legal counsel, may deem appropriate.
7. The expenses incurred in collecting the delinquency, including without limitation, late charges, interest, costs of collection and enforcement, including actual attorney's fees (not limited to the statutory fees) and advances for taxes or other liens paid by the Association to protect its lien, shall be chargeable to the co-owner in default and shall be secured by the lien on the co-owner's unit.
8. Failure to meet any of the time periods set forth herein shall not be deemed a waiver of the right of the Association to enforce or pursue its Delinquency Procedure.

**THEREFORE**, be it declared that this resolution was approved by Green Farms Condominium Association on ___5/15/17___ and will become effective ___7/01/2017___

Witness:

_____
Secretary of the Association

Signed: _____
President of the Association

# EXHIBIT E

# MAKOWER ABBATE GUERRA
# WEGNER VOLLMER

23201 JEFFERSON AVE.
ST. CLAIR SHORES, MI 48080
586.218.6805 FAX 586.773.1805
WWW.MAGLAWPLLC.COM

HEATHER PACIOREK
COLLECTION REPRESENTATIVE
HPACIOREK@MAGLAWPLLC.COM
EXT. 112

February 26, 2018

First Class Mail

Todd Bates and Marcia Bates
7402 Azalea Court
West Bloomfield, MI 48322

Re:    Amount Due - $1,400.06 through February 26, 2018
       7402 Azalea Court, West Bloomfield, Michigan 48322; Unit 25, Green Farms Condominium

Dear Mr. Bates and Mrs. Bates:

As you know, this firm represents Green Farms Condominium Association.

The Association will not accept partial payments without an approved payment arrangement. Therefore, enclosed please find your Check Number 2012274731 in the amount of $931.56. Please be advised that if we do not receive payment in full for the Amount Due as referenced above in our office on or before March 9, 2018, we will proceed with further legal remedies.

Please note that the Amount Due referenced in this letter only includes those amounts owing as of the date of this letter. Assessments and applicable late fees on unpaid assessments that accrue subsequent to the date of this letter will be imposed consistent with the Association's governing documents.

All payments must be made payable to Green Farms Condominium Association, and mailed c/o 23201 Jefferson Ave., St. Clair Shores, MI 48080, Attention: Heather Paciorek.

This firm is attempting to collect a debt on behalf of Green Farms Condominium Association and any information obtained will be used for that purpose.

Thank you for your prompt attention to this matter. Should you have any questions please do not hesitate to contact the undersigned.

Very truly yours,
MAKOWER ABBATE GUERRA
WEGNER VOLLMER PLLC

*Heather Paciorek*

Heather Paciorek