UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TODD and MARICA BATES,

    Plaintiffs,

v.                                                                                              Case No. 18-13533

GREEN FARMS CONDOMINIUM                                         HON. AVERN COHN
ASSOCIATION, THE HIGHLANDER
GROUP, and MAKOWER ABBATE
GUERRA WEGER VOLLMER, PLLC,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**
**(Docs. 22, 23)**
**AND**
**DISMISSING CASE**[1]

I. Introduction

This is a consumers rights case. Plaintiffs Todd and Marcia Bates have sued the following defendants: Green Farms Condominium Association (Association), the Highlander Group (Highlander), and Makower Abbate Guerra Weger Vollmer PLLC (the Law Firm). The complaint centers on a non-judicial foreclosure sale after plaintiffs failed to pay condominium association dues. The complaint asserts the following claims:

    Count I - violation of the Fair Debt Collection Practices Act (FDCPA)
    Count II - Slander of Title
    Count III - Conversion
    Count IV - Conversion

---

[1]Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Before the Court is the Law Firm's motion for judgment on the pleadings on the grounds that based on the Supreme Court's recent decision <u>Obduskey v. McCarthy & Holthus</u>, 586 U.S. – (2019), plaintiffs do not have a viable claim under the FDCPA.[2] The other defendants have joined in the motion. For the reasons that follow, the motion will be granted. In light of dismissing the federal claim, the Court will decline to exercise supplemental jurisdiction over the state law claims. Further, given this determination, plaintiff's pending motion to compel (Doc. 32) and the Law Firm's motion to quash (Doc. 31) will be denied as moot.

## II.  Background

Plaintiffs Todd and Marcia Bates owned a condominium unit in the Green Farms Condominium community. Highlander was the property manager. Plaintiffs defaulted on dues they owed to the Association. The Association retained the Law Firm to initiate nonjudicial foreclosure proceedings. Ultimately, a third party purchased the condominium unit at the foreclosure sale.

Plaintiffs sued defendants in federal court, alleging that the actions taken in connection with the nonjudicial foreclosure were abusive debt collection practices, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. and state law.

## III.  Legal Standard

Under Fed. R. Civ. P. 12(c) a party may move for judgment on the pleadings under Rule 12(c) when the pleadings have closed, but the motion would not delay trial.

---

[2]Previously, defendants moved for a stay pending the Supreme Court's decision in <u>Obduskey</u>. (Doc. 8). The Court denied a stay. (Doc. 16).

Fed. R. Civ. P. 12(c).

A Rule 12(c) motion is reviewed by "using the same standard as applies to a review of a motion to dismiss under Rule 12(b)(6)." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007).  Rule 12(b)(6) permits district courts to dismiss a complaint that fails "to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must show that her complaint alleges facts which, if true, would entitle her to relief.  First American Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007).  A complaint must contain allegations to support all of the "material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997).  The factual allegations of the complaint must be enough to raise a right to relief above the speculative level.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

IV.  Discussion

A.  FDCPA Claim

Plaintiffs allege that the Law Firm and Highlander violated the FDCPA.  They have not asserted a FDCPA claim against Green Farm.

The FDCPA's stated purpose is to prohibit "debt collectors" from engaging in "abusive debt collection practices." 15 U.S.C. § 1692(e). Thus, in order to establish liability under the statute's substantive provisions, the alleged conduct must have been taken by a "debt collector" "in connection with the collection of any debt." See, e.g., 15 U.S.C. § 1692c(a)-(b), 1692d, 1692e, 1692g.  As the Sixth Circuit has observed,

3

"[d]espite the Act's pivotal use of the concept, however, it does not define debt collection. While the concept may seem straightforward enough, confusion has arisen" regarding whether nonjudicial foreclosure is debt collection under the FDCPA. Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 460 (6th Cir. 2013), abrogated by Obduskey v. McCarthy & Holthus LLP, 586 U.S. – (2019). That confusion led to a circuit split, discussed in Glazer, which noted the majority view that "the enforcement of a security interest, which is precisely what mortgage foreclosure is, is not debt collection." Id. at 460 (citations omitted). While Glazer noted this view's "pervasiveness in the district courts," it concluded that

> mortgage foreclosure is debt collection under the Act. Lawyers who meet the general definition of a "debt collector" must comply with the FDCPA when engaged in mortgage foreclosure…. In this case, the district court held that RACJ [the defendant Law Firm] was not engaged in debt collection when it sought to foreclose on the Klie property. That decision was erroneous, and the judgment must be reversed.

Id. at 460, 464.

Until the Supreme Court's decision in Obduskey, courts in this circuit, bound by Glazer, applied the FDCPA's debt-collector-related prohibitions to law firms engaged in nonjudicial foreclosure proceedings. In Obduskey, however, the Supreme Court unanimously held – like the majority view discussed in Glazer, 704 F.3d at 460 – that a law firm engaged in nonjudicial foreclosure proceedings is enforcing a security interest and not collecting a debt, and therefore cannot be subject to liability under the FDCPA. Obduskey, 586 U.S. --, slip op. at 5 – 8. The Supreme Court reasoned that "[f]irst, and most decisive, is the text of the Act itself." Obduskey, 586 U.S. --, slip op. at 5.

Specifically, the Supreme Court held that

4

> the limited-purpose definition poses a serious, indeed an insurmountable, obstacle to subjecting McCarthy [the defendant Law Firm] to the main coverage of the Act. It says that "[f]or the purpose of section 1692f(6) [a separate provision of the FDCPA which is not alleged to be at issue in this case]," a debt collector "<u>also</u> includes" a business, like McCarthy, "the principal purpose of which is the enforcement of security interests." § 1692a(6).

Id. (emphasis in original).

Here, plaintiffs allege that the Law Firm violated sections 1692(d) and 1692e(2)(A) of the FDCPA when it "wrongfully recorded a lien against plaintiffs['] real estate and foreclosed on the real estate by advertisement." See Complaint at ¶¶ 11 – 12. Although section 1692(d) discusses Congress's authority to regulate debt collection because of its effect on interstate commerce, the Court assumes that plaintiffs meant to reference 15 U.S.C. § 1692d, which prohibits a debt collector from engaging in certain abusive debt collection practices. Likewise, 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making certain false, deceptive or misleading representations in connection with its debt collection efforts. It cannot be disputed, however, that both of these provisions apply only to debt collectors engaged in debt collection, which under Obduskey, does not include Law Firms that are engaged in handling nonjudicial foreclosures.

Plaintiffs' complaint alleges that the Law Firm handles nonjudicial foreclosures for its clients, and that their FDCPA claims against the Law Firm arise from its handling of nonjudicial foreclosure proceedings relative to their condominium unit. See Complaint at ¶¶ 4 – 5, 11 – 13. In light of Obduskey, plaintiffs do not have a viable FDCPA claim against the Law Firm.

In response, plaintiffs appear to assert two arguments for why Obduskey does

5

not apply. Plaintiffs first say that the Law Firm is estopped from making this argument because its letters to plaintiffs included the standard disclaimer language discussed in 15 U.S.C. § 1692e(11) which, plaintiffs contend, operates as an admission that the Law Firm's actions constituted debt collection activity. This argument does not carry the day. The Sixth Circuit has held that "the mere fact that the letter states at the bottom that it 'is an attempt to collect a debt' does not transform the letter into an unlawful demand for payment." Lewis v. ACB Business Services, Inc., 135 F.3d 389, 399 (6th Cir. 1998). In other words, a disclaimer identifying the communication as an "attempt to collect a debt" is "legally irrelevant" to the issue of whether a communication is subject to the FDCPA. Goodson v. Bank of America, N.A., 600 F. App'x 422, 432 (6th Cir. 2015), quoting Maynard v. Cannon, 401 F. App'x 389 (10th Cir. 2010). As such, the disclaimer on the Law Firm's letters is not dispositive as to whether the Law Firm was engaged in debt collection activity, which, under Obduskey, it was not.

Plaintiffs' next argument is that Obduskey is distinguishable for the reason that the instant complaint alleges that the Law Firm was engaged in more than security-interest enforcement. This argument also fails. Indeed, the plaintiff in Obduskey also alleged that the defendant Law Firm "engaged in more than security-interest enforcement by sending notices that any ordinary homeowner would understand as an attempt to collect a debt." Obduskey, 139 S.Ct. at 1039 (emphasis in original). The Supreme Court rejected this argument: "[B]ecause he who wills the ends must will the necessary means, we think the Act's (partial) exclusion of 'the enforcement of security interests' must also exclude the legal means required to do so." Id. Thus, the Supreme Court held that certain actions allegedly taken by the defendant Law Firm that

were distinct from its handling of nonjudicial foreclosure proceedings, but that were "the necessary means… to do so," did not remove it from the exclusion. Id. at 1039 – 1040. The same conclusion obtains here.

Overall, the complaint makes clear that the FDCPA claim against the Law Firm was based upon the Law Firm's initiation of nonjudicial foreclosure proceedings and ultimately a third party's purchase of plaintiffs' condominium unit at the foreclosure sale. See Complaint at ¶¶ 11 – 15. Under Obduskey, this activity does not give rise to a FDCPA claim.

To the extent plaintiffs refer to paragraph 12 of their complaint, which includes an allegation that the Law Firm "falsely represented the character, amount or legal status of plaintiff's condominium association dues, as delinquent, held the cashiers [sic] checks paid by your plaintiffs and overstated and falsely added charges in violation of 15 U.S.C. § 1692e(2)(A) and recorded a false lien and foreclosed on the real property." This allegation does not save plaintiffs' FDCPA claim. The allegation is conclusory and does not satisfy the pleading standard set forth in Rule 8. The complaint does not, for example, set forth the nature, amount or date of the "overstated and falsely added" charges, which information clearly was in p
laintiffs' possession at the time they filed their complaint. Moreover, the actions taken by the Law Firm as alleged in paragraph 12 of the complaint, i.e., providing plaintiffs with notice of their default and recording the condominium association's lien, are a necessary predicate to initiating nonjudicial foreclosure proceedings under Michigan law. As in Obduskey, these allegations do not make out a claim against a Law Firm under the FDCPA for handling nonjudicial foreclosures for their clients. Accordingly,

7

plaintiffs' FDCPA claims against the Law Firm must be dismissed.

As to Highlander, while it is not a Law Firm, the claim against them still fails. First, plaintiffs make the bare bones allegation that Highlander is a "debt collector" but fail to articulate any facts to support this allegation. Second, as made clear in plaintiffs' response to the Law Firm's motion, all of the correspondence relevant to plaintiffs' FDCPA claim is from the Law Firm, not Highlander. There are no specific factual allegations against Highlander to form a viable claim under the FDCPA.

### B. Supplemental Jurisdiction/Pending Motions

In light of the dismissal of the federal claim, the Court must consider its jurisdiction. Although the Court has supplemental jurisdiction over plaintiffs' state-law claims under 28 U.S.C. § 1367(a),[3] it may decline to exercise supplemental jurisdiction if the state-law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," or if "there are other compelling reasons for declining jurisdiction." Id. § 1367(c)(2), (c)(4).

Here, plaintiffs' state law claims would be more appropriately adjudicated by the state court. See § 1367(c) (1), (c)(4); Padilla v. City of Saginaw, 867 F. Supp. 1309, 1315 (E.D. Mich.1994). Therefore, the Court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, Counts II - IV will be dismissed.

### V. Conclusion

While it is unfortunate that plaintiffs lost their home for non-payment of

---

[3] 28 U.S.C. § 1367 provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 U.S.C. § 1367(a)

8

association dues, their remedy, if any, does not lie in federal court under the FDCPA. Accordingly, defendants' motion is GRANTED. Count I is DISMISSED. Counts II - IV are DISMISSED WITHOUT PREJUDICE.

With respect to the pending discovery motions - plaintiffs' motion to compel and the Law Firm's motion to quash - these motions are MOOT in light of the dismissal of all of plaintiffs' claims.

This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8/29/2019
Detroit, Michigan